LYDIA A. GLASIER, Appellant, *v.* THE TOWN OF HEBRON, Respondent.

*Absence of a barrier on the side of a highway — not necessarily proof of negligence on the part of the highway commissioner.*

The mere absence of a barrier upon the side of a highway, at a point where there is a perpendicular descent therefrom to the water of a pond below, is not alone sufficient to charge the highway commissioner of the town in which such road is situated with negligence, when the highway is at that point seventeen feet wide, level and smooth.

APPEAL by the plaintiff, Lydia A. Glasier, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Washington on the 30th day of December, 1892, upon the dismissal of the complaint directed by the court after a trial at the Washington Circuit before the court and a jury.

*J. M. Whitman* and *Potter & Lillie,* for the appellant.

*Edgar Hull, L. H. Northup, J. S. L'Amoreaux* and *C. H. Sturges,* for the respondent.

PUTNAM, J. :

The défendant was sought to be made responsible in this action for damages sustained by plaintiff resulting from the alleged negligence of its highway commissioners in omitting to place barriers on the side of a highway in said town, in consequence of which plaintiff received the injuries complained of.

We think the trial judge did not err in granting the motion for a nonsuit. Even if he was mistaken in holding that the case, as far .as the evidence of the plaintiff was concerned, was substantially as it was on the former appeal trial, and hence that it could not be submitted to the jury under doctrines laid down in this case by the Court of Appeals (131 N. Y. 447), yet, under the law as established in the subsequent case of *Lane* v. *Town of Hancock* (142 N. Y. 510), the trial court was compelled to dismiss the complaint.

The negligence charged against the defendant's highway commissioners was in not erecting barriers on the side of the highway at the place where the accident occurred, and where there was a perpendicular descent to the water of the pond below. In *Lane* v. *Town of Hancock* (*supra*) the evidence tending to show negligence on the part of the highway commissioners of the town of Hancock was stronger than in this case. In that case the road was built along the side of a steep hill, with a retaining wall on the lower side, and was but twelve to fifteen feet wide, sloping from the upper to the lower side eighteen inches. Water flowing over the road made it slippery. There had been guards at the lower side of the road over the retaining wall, but the road had become filled up to the top of such guards, so that when the plaintiff's intestate was killed, there were in fact no barriers there. The deceased was riding on a load of lumber placed on .a pair of bob sleighs. No negligence was imputed to the driver. When he came to the place where the accident occurred, without any fault or negligence on his part, the rear bob slipped over the retaining wall, there being no barrier at that place for a space of twenty-five feet, and a perpendicular descent of several feet. The sleigh was overturned and plaintiff's intestate was killed. The Court of Appeals held, under all the circumstances, that the proof was not sufficient to establish negligence on the part of the highway commissioners of the town of Hancock, and that the trial court should have nonsuited the plaintiff.

PEOPLE ex rel. AM. AXE & TOOL CO. v. ROBERTS. 313

Hun.]        THIRD DEPARTMENT, DECEMBER TERM, 1894.

In this case the highway, at the place where the plaintiff was injured, was seventeen feet wide, level and smooth, and there was no fact indicating negligence except the mere absence of a barrier.

We think under the law, as settled in *Lane* v. *Town of Hancock* (*supra*), there was no question as to the negligence of defendant's highway commissioners that could have been properly submitted to the jury.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.